# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY

NOT FOR PUBLICATION

| | |
|---|---|
| JOSEPH R. MCCLUNG, JR.<br><br>    Plaintiff,<br>v.<br><br>3M COMPANY, *et al.*,<br><br>    Defendants. | Civil Action No.<br><br>2:16-CV-2301-ES-SCM<br><br>**OPINION AND ORDER ON TRANSFER**<br><br>**[D.E. 53]** |

**Steven C. Mannion**, United States Magistrate Judge.

Before this Court is Defendant The Boeing Company's ("Boeing") motion to dismiss for lack of jurisdiction.[1] Boeing initially sought transfer to the United States District Court for the District of Delaware, in the alternative.[2] The Honorable Esther Salas, U.S.D.J. referred the motion to the undersigned for disposition.[3] Upon consideration of the parties' submissions and oral arguments, and for the reasons stated below, the Court concludes it is in the interest of justice to sever all claims against Boeing and to transfer them to the District of Delaware.[4]

## I.    BACKGROUND[5]

This removed action[6] arises out of Plaintiff decedent, Joseph McClung, Jr.'s ("Mr. McClung"), alleged exposure to asbestos and asbestos-containing products while working on and

---

[1] (ECF Docket Entry No. ("D.E.") 53).

[2] (*Id.*).

[3] *See* L. Civ. R. 72.1(a)(1).

[4] 28. U.S.C. § 1404(a).

[5] The allegations set forth within the pleadings and motion record are relied upon for purposes of this motion only. The Court has made no findings as to the veracity of the parties' allegations.

around F-4 aircraft at the Spangdalem Air Force Base in Germany.[7] He alleges his asbestos exposure stemmed from F-4 aircraft engines covered in dusty insulation blankets ("asbestos blankets")[8] from which he contracted a fatal form of pleural mesothelioma.[9] Multiple defendants allegedly developed and manufactured various asbestos-containing components incorporated into the aircraft.[10] Boeing manufactured the F-4 aircraft[11] and Defendant, General Electric Company ("General Electric"), manufactured its J79 engine pursuant to government procurement contracts.[12]

Prior to his passing, Mr. McClung resided in West Virginia.[13] He had never traveled to or set foot in New Jersey.[14] His wife and estate administrator, Plaintiff Joyce McClung ("Mrs. McClung") (collectively "the McClungs") resides in West Virginia.[15] Boeing is a Delaware

---

[6] This action was pending in the Superior Court of New Jersey, Essex County until Boeing removed it to this Court under the federal officer removal statute, 28 U.S.C. § 1442. (D.E. 1).

[7] (D.E. 59-5, McClung Dep. Tr., Ex. C at 22:11-17; D.E. 81, Am. Compl.).

[8] (D.E. 59-5, McClung Dep. Tr., Ex. C at 23:20-24:6).

[9] (D.E. 81, Am. Compl. ¶¶ 1-2, 4).

[10] (*See generally*, D.E. 81, Am. Compl.).

[11] (D.E. 53-1, Ex. E. Decl. of Richard K. Shimamoto ("Shimamoto Decl.") ¶¶ 6-9).

[12] (D.E. 21 ¶ 13; D.E. 54-1, Declaration of Michael H. Solon ("Solon Decl.") ¶ 11).

[13] (D.E. 53-1, McClung Dep. Tr., Ex. B at 15:22-24).

[14] (*Id.* at 110:20-25, 111:1-2).

[15] (D.E. 81, Am. Compl. ¶ 1 at 2).

corporation with its principal place of business in Chicago, Illinois.[16] "[A]t no point did Boeing engage in the manufacture or production of F-4 aircraft within the State of New Jersey."[17]

Boeing and General Electric originally moved to dismiss this action and alternatively sought transfer to different district courts.[18] Upon review of the submissions and conflicting positions on transfer, the Court recognized that a single venue did not exist in which all of Mr. McClung's claims could be litigated against the eight defendants at once.[19] Accordingly, the Court *sua sponte* ordered supplemental submissions to determine whether the claims against Boeing and General Electric could be severed and transferred to another forum, and whether such action would be in the interests of justice.[20] In issuing the Order, the Court found that the events giving rise to the claim – Mr. McClung's alleged exposure to asbestos – predominantly occurred in Germany.[21] The Court also noted that although a plaintiff's choice of forum is generally "a paramount consideration in any determination of a transfer request," Mr. McClung's preference would be afforded less deference in this matter because New Jersey is not his home

---

[16] (D.E. 53-1, Ex. D, Decl. of Edward Zarek ("Zarek Decl.") ¶ 5).

[17] (D.E. 53-1, Ex. E. Shimamoto Decl. ¶ 9).

[18] (D.E. 53; 35).

[19] The Amended Complaint has since added a ninth defendant.

[20] (D.E. 68 ¶ 2).

[21] (D.E. 71, Ct. Hr'g Tr. at 20).

forum.²² The non-moving Defendants neither joined nor opposed the conflicting positions on transfer.²³

Thereafter, the parties filed a joint letter whereby Boeing expressed its preference to rely on its original motion papers and reserved the right to object to personal jurisdiction in any court in which "Boeing is not undeniably subject to general jurisdiction."²⁴ In the interim, a dispute arose resulting in Boeing's request for a stay of discovery.²⁵ The Court granted the stay pending the outcome of this decision.²⁶ At present, Boeing urges the Court to dismiss the case for lack of personal jurisdiction which would require Mr. McClung to refile the action elsewhere. The Court notes that initially Boeing indicated a preference to litigate in its home state of Delaware.²⁷ The McClungs maintain that transfer is inappropriate.²⁸

## II.  DISCUSSION & ANALYSIS

Under Section 1404(a), the Court exercises its discretion to entertain severing and transferring the claims against Boeing while retaining the claims against the non-moving

---

²² (*Id.* at 20:13-17). *See Ricoh Co. v. Honeywell, Inc.*, 817 F. Supp. 473, 480 (D.N.J. 1993) (internal citations omitted).

²³ (D.E. 71, Ct. Hr'g Tr. at 11:11-15). *See White v. ABCO Eng'g Corp.*, 199 F.3d 140, 144 (3d Cir. 1999) (recognizing that "[a]lthough § 1404(a) contemplates transfer without the consent of all the parties, for transfer to be effective all relevant parties must be apprised that the court is considering a transfer and have the opportunity to voice opposition") (internal citations omitted).

²⁴ (D.E. 74 at 1).

²⁵ (D.E. 78).

²⁶ (D.E. 89).

²⁷ (D.E. 74).

²⁸ (D.E. 59, 78).

4

defendants.[29] Consistent with that discretion, the Court concludes it is in the interest of justice to sever the claims against Boeing and to transfer the resulting action to the District of Delaware.[30] The personal jurisdiction issue is accordingly moot.

### A. § 636, Magistrate Judge Authority

A motion to transfer a case to another district is considered a non-dispositive motion, which may be decided by a magistrate judge under 28 U.S.C. § 636(b)(1)(A).[31] The decision to grant or deny an application for transfer is discretionary.[32] If such a decision is appealed, the district court must affirm the decision unless it is "clearly erroneous or contrary to law."[33]

### B. Severing the Claims

On balance, the Court finds that given the number of defendants and the alternative choice of dismissal, the interests of justice would best be served by severance and transfer.[34] "[T]he court may at any time, on just terms, add or drop a party" and "sever any claim against a party."[35] The Third Circuit acknowledges that "[n]othing within § 1404 prohibits a court from severing claims against some defendants from those against others and transferring the severed

---

[29] *See D'Jamoos v. Pilatus Aircraft Ltd.*, 566 F.3d 94, 110 (3d Cir. 2009) (quoting *White*, 199 F.3d at 144).

[30] *See Amica Mut. Ins. Co. v. Fogel*, 656 F.3d 167, 171 (3d Cir. 2011).

[31] *See generally Job Haines Home for the Aged v. Young*, 936 F. Supp. 223 (D.N.J. 1996).

[32] *See Cadapult Graphic Sys. v. Tektronix, Inc.*, 98 F. Supp. 2d 560, 564 (D.N.J. 2000) (internal citations omitted).

[33] *Marks v. Struble*, 347 F. Supp. 2d 136, 149 (D.N.J. 2004) (internal citations omitted).

[34] *See Bockman v. First Am. Mktg. Corp.*, 459 F. App'x 157, 162 n.11 (3d Cir. 2012) (noting that "[t]ransfer in lieu of dismissal is generally appropriate to avoid penalizing plaintiffs by 'time-consuming and justice-defeating technicalities'") (internal citations omitted).

[35] Fed. R. Civ. P. 21. *See White*, 199 F.3d at 146 n.6.

claims."[36] Although the Court is "not required to consider anything in particular in reaching its conclusion;"[37] "[b]efore effecting such a severance, a judge should weigh the convenience to the parties requesting transfer against the potential inefficiency of litigating the same facts in two separate forums."[38] To this end, the Third Circuit has cautioned against granting severance "if the defendant over whom jurisdiction is retained is so involved in the controversy to be transferred that partial transfer would require the same issues to be litigated in two places."[39] "The decision to sever . . . is left to the discretion of the trial court."[40]

Here, the Court finds that severing the claims against Boeing and transferring them to the District of Delaware would materially advance the administration of justice for several reasons.[41] First, a single proper venue does not exist in which all of the McClung's claims can be litigated at once or where all nine defendants are amenable to personal jurisdiction. Second, severance will not prejudice the non-moving defendants who, by comparison, are tangentially connected to the central allegations in this case. While the Amended Complaint alleges "Defendants acted in concert with each other and other members of the asbestos industry," Mr. McClung largely attributes his alleged asbestos exposure to "asbestos blankets" which covered F-4 aircraft

---

[36] *Id.* at 144 (internal citations omitted).

[37] *Rodin Properties-Shore Mall v. Cushman & Wakefield*, 49 F. Supp. 2d 709, 721 (D.N.J. 1999).

[38] *White,* 199 F.3d at 144; *see also* 15C Wright & Miller, Federal Practice and Procedure § 3854 (4th ed. 2016).

[39] *Cottman Transmission Sys. v. Martino*, 36 F.3d 291, 296 (3d Cir. 1994).

[40] *Rodin*, 49 F. Supp. 2d at 721 (internal citations omitted).

[41] § 1404(a).

engines.[42] There is also no prejudice to Boeing who does not claim that any other defendant's presence is necessary to defend this case. Third, severing and transferring will result in the least amount of prejudice to the McClungs given that the alternative choice would likely result in dismissal.[43] While Mr. McClung maintains that the Court should honor plaintiff's choice of forum, his preference to litigate in this District is afforded less deference because New Jersey is not his home. The Court is cognizant that severance will require the McClungs to litigate in three different courts; however, dismissal would require refiling in a separate district, restarting the case anew, resulting in even further delay. Lastly, and importantly, granting severance is consistent with the Court's sound exercise of discretion. While arguably central to the issues raised by the McClungs, this is not the case where the Court can retain jurisdiction over Boeing.[44] If the non-moving defendants deem it essential to litigate this action with Boeing they may submit to the jurisdiction of the District of Delaware.[45] Having found that the interests of justice warrant severance, the claims against Boeing will continue as an independent action, separate from this litigation.[46]

### C. § 1404, Transfer of Venue

---

[42] (D.E. 81, Am. Compl. ¶ 2 at 15).

[43] The Declaration of Edward Zarek demonstrates that Boeing does not maintain a headquarters in New Jersey; own real property within New Jersey; lease any property within New Jersey; and has never been organized under the laws of New Jersey. (D.E. 53-1, Zarek Decl., Ex. D ¶¶ 6-10). The McClung's cannot overcome this showing.

[44] *See Cottman*, 36 F.3d at 296 (stating that severance should not be granted "if the defendant over whom jurisdiction is retained is so involved in the controversy").

[45] *See D'Jamoos v. Pilatus Aircraft Ltd.*, No. 07-1153, 2009 U.S. Dist. LEXIS 91576, at *10-11 (E.D. Pa. Oct. 1, 2009).

[46] *See White*, 199 F.3d at 145 n.6.

Next, the Court must determine whether transfer is appropriate. Section 1404(a) provides: "[f]or the convenience of parties and witnesses, in the interest of justice" the Court may transfer this "civil action to any other district or division where it might have been brought."[47] "A district is one in which an action 'might have been brought' if that district has (1) subject matter jurisdiction over the claims; (2) personal jurisdiction over the parties; and (3) is a proper venue."[48] Courts consider private and public interest factors in applying section 1404(a).[49] "The decision whether to transfer falls in the discretion of the trial court."[50]

The Court finds that this action may have been brought in the District of Delaware.[51] Under section 1391(b)(1), a civil action may be brought in "a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located."[52] Boeing "resides" in Delaware under section 1391(c) since it is incorporated under the laws of Delaware and it is subject to personal jurisdiction there.[53]

    i. <u>Private Interest Factors Support Transfer to the District of Delaware</u>

On balance, the private interest factors weigh in favor of transfer to the District of Delaware. The relevant private interests include: "(1) the plaintiff's forum preference; (2) the defendant's preference, (3) whether the claim arose elsewhere, (4) the convenience of the parties

---

[47] § 1404(a).

[48] *Yang v. Odom*, 409 F. Supp. 2d 599, 604 (D.N.J. 2006).

[49] *Jumara v. State Farm Ins. Co.*, 55 F.3d 873, 879-80 (3d Cir. 1995).

[50] *Cadapult,* 98 F. Supp. 2d at 564 (internal citations omitted).

[51] 28 U.S.C. § 1391(b)(1).

[52] § 1391(b)(1).

[53] § 1391(c).

as indicated by their relative physical and financial condition, (5) the convenience of the witnesses—but only to the extent that the witnesses may actually be unavailable for trial in one of the fora, and (6) the location of books and records."[54]

Here, several private factors warrant the transfer of Boeing to the District of Delaware. Boeing's suit-related conduct arises from its manufacture of F-4 aircraft. "Each F-4 aircraft was assembled by Boeing in plants located in the St. Louis, Missouri metropolitan area" thus the claim arose outside New Jersey.[55] Prior to withdrawing its transfer motion, Boeing expressed a desire and preference to litigate in its home state of Delaware.[56] By comparison, Mr. McClung's preference to litigate in this District is afforded less deference because New Jersey is not his home forum. As a citizen of West Virginia, the McClungs will not be inconvenienced by Boeing's transfer. Rather, transfer will eliminate unnecessary travel to this District since Delaware is closer to the McClung's home state of West Virginia. Lastly, books and records may likely come from Delaware where Boeing is incorporated. This is relevant given that the Court has stayed discovery pending the outcome of this decision.[57]

    ii. <u>Public Interest Factors Support Transfer to the District of Delaware</u>

Public interest factors also support transfer to the District of Delaware. Courts consider the following public interest factors: "(1) the enforceability of the judgment, (2) practical considerations that could make the trial easy, expeditious, or inexpensive, (3) the relative

---

[54] *Park Inn Int'l, LLC, v. Mody Enterprises, Inc.*, 105 F. Supp. 2d 370, 377 (D.N.J. 2000) (quoting *Jumara*, 55 F.3d at 879).

[55] (D.E. 53-1, Ex. E, Shimamoto Decl. ¶ 9).

[56] (D.E. 53; D.E. 71, Ct. Hr'g Tr. at 13:6-10).

[57] (D.E. 89).

administrative difficulty in the two fora resulting from court congestion, (4) the local interest in deciding local controversies at home, (5) the public policies of the fora, and (6) the familiarity of the trial judge with the applicable state law in diversity cases."[58]

In this case, the following "practical considerations" making the trial "easy, expeditious, or inexpensive" weigh towards transfer: (1) as a Delaware corporation, "Boeing is . . . undeniably subject to general jurisdiction" there, and transfer will dispel any personal jurisdictions issues; [59] (2) it is likely that Boeing's records and other evidence will come from Delaware; (3) Boeing's request for this Court to dismiss this case and require the McClung's to refile in the District of Delaware would create inefficiencies; (4) the State of Delaware has a "local interest in deciding local controversies at home;" and relatedly, (5) "New Jersey jurors should not be burdened with adjudicating a matter concerning decisions and/or conduct which occurred almost exclusively outside the State of New Jersey."[60]

## IV. CONCLUSION

For the foregoing reasons, it is in the interests of justice to sever the claims against Boeing and transfer them to the District of Delaware. Boeing's motion to dismiss for lack of personal jurisdiction is hereby denied as moot.

An appropriate Order follows:

**ORDER**

**IT IS** on this Monday, April 17, 2017,

---

[58] *Park Inn*, 105 F. Supp. 2d at 377 (quoting *Jumara*, 55 F.3d at 879-80).

[59] (D.E. 74 at 1).

[60] *Tischio v. Bontex, Inc.*, 16 F. Supp. 2d 511, 526 (D.N.J. 1998).

1. **ORDERED** that Defendant Boeing is hereby severed from this action; and it is further

2. **ORDERED** that the Clerk of the Court shall transfer this action against Boeing to the United States District Court for the District of Delaware; and it is further

3. **ORDERED** that Defendant Boeing's motion to dismiss[61] is denied as moot.

Honorable Steve Mannion, U.S.M.J.
United States District Court,
for the District of New Jersey
phone: 973-645-3827

4/17/2017 9:57:41 AM

Original: Clerk of the Court
Hon. Esther Salas, U.S.D.J.
cc:     All parties
    File

---

[61] (D.E. 53).